UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JESSIE F. COOPER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 04-222-P-S |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises several issues: whether the administrative judge properly evaluated the records of a treating physician, whether he had a duty to develop the record further, whether the testimony of the vocational expert was erroneous and whether the decision is supported by substantial evidence.[2] I recommend that the court remand the case for further action by the commissioner.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920: *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on May 19, 2005, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

[2] At the outset of her statement of errors, the plaintiff lists these issues and "inadequate findings regarding credibility." Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 6) at 1. There is no further mention of a credibility issue in the 14-page statement of errors. Ordinarily, any such issue must be deemed to have been waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). In this case, counsel for the plaintiff stated at oral argument that the issue he is pressing is not whether the administrative law judge's evaluation of the plaintiff's credibility was performed adequately but rather that this evaluation was
(*continued on next page*)

1

administrative law judge found, in relevant part, that the plaintiff had acquired sufficient quarters of coverage to remain insured for purposes of SSD only through September 30, 2002, Finding 1, Record at 20; that she had the residuals of L5-S1 herniated nucleus pulposus, depression and an anxiety disorder, impairments that were severe but did not meet or equal the criteria of any listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Finding 3, *id.*; that the plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible in light of the reports of the treating and examining practitioners and the medical history, Finding 4, *id.*; that the plaintiff lacked the residual functional capacity to lift and carry more than ten pounds, to reach, bend, stoop, climb or kneel more than occasionally, to carry out more than one- or two-step instructions, to do work that does not allow her to alternate between sitting and standing, to do more than low stress work which entails only occasional decision making, use of judgment or change in routine, or to do work which requires more than occasional interaction with supervisors, co-workers or the public, Finding 5, *id.*; that given her age (23), education (high school), lack of past relevant work and residual functional capacity for sedentary work limited as described, application of Rule 201.27 from Appendix 2, Subpart P, 20 C.F.R. Part 404 (the "Grid") would direct a conclusion of "not disabled," Findings 5-9, *id.* at 20-21; that, using the Grid as a framework, the plaintiff's capacity for sedentary work was not so compromised that she could not adjust to work which existed in significant numbers in the national economy, Finding 10, *id.* at 21; and that the claimant therefore had not been under a disability as that term is defined in the Social Security Act at any time through the date of the decision, Finding 11, *id.* The Appeals Council declined to review the decision, *id.* at 8-10, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

---

substituted for the medical evidence in determining the plaintiff's residual functional capacity. For reasons that appear below in the
(*continued on next page*)

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.,* 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Richardson v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The plaintiff first contends that there is no substantial evidence to support the administrative law judge's conclusion that she had the residual functional capacity (RFC) to perform a limited range of sedentary work. Statement of Errors at 2-7.[3] She relies on a report and a form completed after the date last insured by her treating physician, James Kilgour, M.D., *id*. at [3]-4, and the report of Brian Stahl, Ph.D., a consulting psychological examiner, dated before the date last insured, *id*. at 4-5. The report from Dr. Stahl and other psychiatric records do not address the RFC for sedentary work, which is a description of a claimant's physical capacity for work. I will therefore begin with the report of

---

body of this opinion, I reject this contention.

[3] The statement of errors cites medical evidence dated both before and after the date last insured, without making any attempt to discuss the evidence from before the date last insured separately for purposes of SSD. Because the administrative law judge's findings do not differentiate between the two claims or periods of time and because his questions to the vocational expert that provide the basis for my recommendation that the court remand this case were not specific as to time, both claims must be remanded. Counsel for the
(*continued on next page*)

3

Dr. Kilgour. The plaintiff asserts that the cited report from Dr. Kilgour presents his opinion that she was "unable to work on an eight hour per day basis." Statement of Errors at [3]. I find no such statement in that report. Record at 355-60. Counsel for the plaintiff agreed with me when asked at oral argument where such an opinion was presented by Dr. Kilgour. In fact, Dr. Kilgour checked boxes on the Medical Source Statement of Ability to Do Work-Related Activities (Physical) which accompanies his two-page report indicating that the plaintiff could stand and/or walk for at least two hours "in an 8-hour workday" and for about six hours "in an 8-hour workday," with the handwritten note "could advance with a conditioning program." *Id*. at 357. The section of Dr. Kilgour's report entitled "Work Capacity" begins "I believe Ms. Cooper has or will have capacity to work with limitations. Due to her prolonged period of inactivity, gradual reintroduction would be necessary with a strengthening program including stretching and flexibility." *Id*. at 356. This cannot reasonably be read as a statement that the plaintiff cannot work eight hours per day.[4]

The plaintiff cites treatment notes from other physicians, Statement of Errors at 4, but does not discuss how those notes could or should be translated into physical limitations inconsistent with the limited capacity for sedentary work found by the administrative law judge. The administrative law judge discussed the reports of various physicians, Record at 18-19, finding it significant that several treating sources mentioned the plaintiff's deconditioning and need for regular exercise. RFC assessments performed by two state-agency non-examining physicians both found that the plaintiff could sit, stand or walk up to 6 hours in an 8-hour work day, with alternate sitting and standing, and

---

plaintiff should address the evidence in light of the date last insured whenever it is relevant in cases that are brought to this court.

[4] *See generally* 20 C.F.R. §§ 404.1530(a), 416.930(a): "In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work." There is no indication in the record that the plaintiff has undertaken a strengthening program. If Dr. Kilgour's statement could reasonably be construed to state that she was disabled at the time he wrote the note, an interpretation which I do not find to be reasonable, he has also stated that the plaintiff would not be disabled if she undertook a strengthening program. A claimant may not obtain benefits by choosing not to engage in treatment prescribed by her physician. *See also Porter v. Chater*, 895 F. Supp. 1427, 1435-36 (D. Kan. 1995) (upholding finding that claimant not disabled based on physicians' recommendation of a work hardening program, possibly beginning with part-time work).

4

could lift 20 pounds occasionally and 10 pounds frequently. *Id*. at 273, 279 (form dated June 3, 2002); 305, 311 (form dated February 20, 2003). Such findings are consistent with an RFC for sedentary work. 20 C.F.R. §§ 404.1567(a), 416.967(a). The only specific portion of Dr. Kilgour's report cited by the plaintiff as being inconsistent with the state-agency findings is his checking of a box indicating that the plaintiff could only lift less than ten pounds occasionally. Record at 357. The plaintiff challenges the administrative law judge's statement that this opinion "is not supported by objective findings," *id*. at 19, although the basis for that challenge is less than clear, Statement of Errors at 5-6. If the plaintiff means to suggest that the administrative law judge failed to explain his reasons for rejecting this finding by Dr. Kilgour, *see* Statement of Errors at 9-10, the quoted portion of the administrative law judge's opinion does state the reason for rejecting Dr. Kilgour's opinion on that point. Dr. Kilgour's opinion on this point is inconsistent with other medical evidence in the record and therefore not entitled to controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416,927(d)(2). Dr. Kilgour's report does not mention any tests or medical signs that led to his conclusion about limitations on the plaintiff's ability to lift. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). Indeed, he states in the same report "Strength 5/5 throughout." Record at 356.

The plaintiff also discusses psychological limitations on her ability to work, but does not suggest what specific limitations should have been imposed by the administrative law judge but were not. Statement of Errors at 4-6. The administrative law judge found that the plaintiff suffered from the severe impairments of depression and an anxiety disorder. Record at 20. He found that these impairments moderately restricted the plaintiff's activities of daily living, caused moderate difficulties in her ability to maintain social functioning, and resulted in moderate difficulties in her ability to maintain concentration, persistence and pace. *Id*. at 17. His hypothetical question to the vocational expert included the following limitations:

5

> In terms of non-exertional impairments, mental, the individual is limited to one or two step tasks, limited to low stress work, defined as occasional decision making required, low stress work, further defined as permitting occasional changes in a work setting. This person retains the ability for occasional judgment. In terms of social functioning deficits, the individual is capable of occasional interaction with the public, coworkers, and supervisors.

*Id*. at 58. The hypothetical is not inconsistent with the findings of Brian Stahl, Ph.D., *id*. at 270, on which the plaintiff relies, Statement of Errors at 4-5. Nor is it inconsistent with the Psychiatric Review Technique Forms completed by two state-agency psychologists, Record at 294, 322, 326-27. The statement of errors does not identify any inconsistencies and, in the absence of developed argument, which counsel for the plaintiff declined to offer at oral argument, this issue cannot be considered further.

The plaintiff moves on to attack the testimony of the vocational expert, faulting it for failing to explain discrepancies between what the vocational expert said and the Dictionary of Occupational Titles (DOT) and contending that the two jobs identified by the vocational expert and adopted by the administrative law judge as jobs which the plaintiff could perform require a skill level beyond that found by the administrative law judge. Statement of Errors at 7-9. The jobs are patcher (DOT code 723.687-010) and assembler (DOT code 739.687-066). Record at 20. The hypothetical question posed to the vocational expert by the administrative law judge included the condition that the claimant had no transferable skills. *Id*. at 58. The plaintiff assumes that a younger individual (here, age 23; Record at 21) with no relevant work experience, *id*. at 20, and thus no transferable skills, *id*. at 58, and with a sedentary RFC, *id.* at 21, can only be matched with unskilled jobs. Assuming *arguendo* that this interpretation is correct, the two identified jobs have specific vocational preparation levels of 2, *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991), §§ 723.687-010, 739.687-066, which allows for training of up to one month, 20 C.F.R. §§ 404.1568(a), 416.968(a). The plaintiff asserts that the two jobs "were not, in fact, within the limited (less than sedentary) RFC

6

found by the ALJ." Statement of Errors at 8. This is so, she contends, because both jobs carry a general educational development (GED) reasoning level of 2, which is defined as "[a]pply commonsense [sic] understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT §§ 723.687-010, 739.687-066. The plaintiff argues, Statement of Errors at 8, that this reasoning requirement is beyond the reasoning ability set forth in the administrative law judge's hypothetical question — "limited to one or two step tasks . . . occasional decision making required . . . permitting occasional changes in a work setting," Record at 58. She cites my recommended decision in *Trebilcock v. Barnhart*, 2004 WL 2378856 (D. Me. Oct. 25, 2004), as supporting the principle that "[a] limitation to simple tasks is effectively a limitation to jobs at the GED R1 level." Statement of Errors at 8. *Trebilcock* does not so hold. The job involved in that case had a GED reasoning level of 3 and the claimant was restricted to "a job entailing 'no more than simple instructions, occasionally detailed, not complex.'" 2004 WL 2378856 at *3. The analysis in that case is not readily transferable to the instant case. *See generally Money v. Barnhart*, 91 Fed.Appx. 210, 2004 WL 362291 (3d Cir. Feb. 25, 2004), at 215, **3 (work at reasoning level 2 not inconsistent with requirement that work be simple, routine and repetitive).

The plaintiff has more success with her final argument: that the two jobs are incompatible with the limitation to "an occasional restriction in reaching forward and an occasional restriction in reaching overhead." Record at 58. Both jobs are characterized by the DOT as requiring reaching frequently, DOT §§ 723.687-010, 739.687-066. Counsel for the commissioner contended at oral argument that there was no discrepancy between the limitation imposed by the administrative law judge and the DOT description because the DOT description does not specifically mention reaching forward or reaching overhead. The sentence observing a difference between reaching and overhead

7

reaching for purposes of evaluating past relevant work in my recommended decision in *Freeman v. Barnhart*, 2002 WL 31599017 (D. Me. Nov. 20, 2002), at *5 & n.3, cited by counsel for the commissioner, cannot be stretched to fit the instant case. Counsel for the commissioner also cited an unreported decision, *Byrd v. Apfel*, 168 F.3d 481 (Table), 1998 WL 911718 (4th Cir. Dec. 31, 1998), at *6, in support of his contention. However, in that case the claimant was limited only in overhead reaching, and the vocational expert testified that overhead reaching was usually not involved in the jobs at issue, which the DOT classified as requiring continual, frequent or occasional reaching. *Id.* & n.6. No such testimony was elicited from the vocational expert in this case. The discrepancy between the hypothetical question and the DOT description of the two jobs at issue here remains, and this unexplained discrepancy requires remand. *See generally* Social Security Ruling 00-4p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004) at 243-46.

In the interest of completeness, I will address the plaintiff's remaining argument: that the administrative law judge failed to develop the record properly. Statement of Errors at 12-14. The plaintiff offers no evidence that could reasonably be construed to show that the administrative law judge did not understand any of the treating physicians' records or the reasons for their conclusions. *See* Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004) at 127. Instead, the plaintiff focuses again on her assertion that Dr. Kilgour assigned her an RFC that included an inability to work on a full-time basis. Statement of Errors at 12-13. As I have already stated, Dr. Kilgour does not so state in the cited pages of the record, Record at 355-60, nor can such a conclusion reasonably be drawn from what he does say. Since, contrary to the plaintiff's argument, Statement of Errors at 13, Dr. Kilgour cannot reasonably have been understood to state that she was disabled,[5] the authority she cites, which is based on that circumstance, is not

---

[5] Dr. Kilgour stated, in relevant part: "I believe Ms. Cooper has or will have capacity to work with limitations." Record at 356.

8

relevant. Further, the record contains sufficient evidence to allow the administrative law judge to make a determination regarding disability, so that the rejection of Dr. Kilgour's opinion, if that is in fact what occurred, did not trigger the duty to recontact any physician. *White v. Massanari*, 271 F.3d 1256, 2561 (10th Cir. 2001).

### Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** to the commissioner for further proceedings.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of May, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge